

FILED

MAR 01 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIANO MOBILE SILICON, INC., <br><br> Plaintiff, <br> v. <br><br> MAVCOM, INC., ET AL., <br><br> Defendants. | Case No.: C-10-04783 LHK (PSG) <br><br> **ORDER GRANTING PLAINTIFF SIANO MOBILE SILICON, INC.'S RENEWED MOTION FOR LEAVE TO CONDUCT DISCOVERY** <br><br> (Docket No. 35) |

Plaintiff Siano Mobile Silicon, Inc. ("Siano") moves for leave to conduct discovery in advance of the case management conference. It also seeks a shortened time period for Defendant Innofidei, Inc. ("Innofidei") to respond to such discovery, including document requests, interrogatories, and deposition notices. Innofidei opposes the motion. Having reviewed the papers and considered the arguments of counsel, Siano's motion for leave to conduct discovery is GRANTED.

## I. BACKGROUND

This is an antitrust case. Siano alleges that Innofidei and others have engaged in unlawful monopolistic activity and other tortious conduct regarding the mobile television market generally

and CMMB chips specifically.[1]

Innofidei previously filed five motions to dismiss, including for *forum non conveniens*, lack of subject matter jurisdiction, and lack of personal jurisdiction. Siano then moved for leave to conduct discovery on issues of personal jurisdiction. After a hearing was held on shortened time on February 10, 2011, but before the court ruled on Siano's discovery motion, Judge Koh struck the multiple motions to dismiss without prejudice to re-filing all of the motions as a single pleading.[2] The court then denied Siano's discovery motion as moot and invited Siano to renew its motion in the event another motion to dismiss for lack of personal jurisdiction was re-filed.[3] On February 23, 2011, Innofidei re-filed its motion to dismiss (on the same grounds and in a single pleading) and re-noticed a hearing for the motion for April 28, 2011.[4] Siano's oppositions to the motions to dismiss are therefore due on March 31, 2011.[5]

In connection with the re-filed motion to dismiss, Innofidei administratively moved to bifurcate and prioritize *forum non conveniens* and subject matter jurisdiction arguments and stay briefing and discovery relating to personal jurisdiction and service.[6] On February 28, 2011, Judge Koh denied the administrative motion.[7]

Also in connection with the re-filed motion to dismiss, Siano administratively moved for leave to renew its motion for leave to conduct discovery. The court granted this administrative motion.[8]

---

[1] Compl. ¶¶ 1-4.

[2] *See* Docket No. 62. Pursuant to General Order 42, the undersigned has jurisdiction over the pending discovery motion.

[3] *See* Docket No. 51.

[4] *See* Docket No. 62.

[5] Pursuant to Civ. L.R. 7-3(a), an opposition to a motion must be served and filed not less than 21 days before the hearing date.

[6] *See* Docket No. 66.

[7] *See* Docket No. 76.

[8] *See* Docket No. 77.

Siano seeks early discovery on personal jurisdiction in advance of its March 31 deadline for filing its opposition to Innofidei's motion to dismiss on that issue. In its complaint Siano alleges that while Innofidei is a China-based company, Innofidei nevertheless has specific contacts with the Northern District of California that permit the exercise of personal jurisdiction in this district. For example, Siano alleges that Innofidei has offices located in Silicon Valley and that it operates in conjunction with (or as) another company named Mavcom, Inc. ("Mavcom") that is also located in this district and named as a defendant in this case.[9] Siano further alleges that Innofidei's own website states that the company has operations in this district and that other companies located in California have issued press releases reflecting joint ventures with Innofidei and its operations here.[10] Siano also alleges that Innofidei is funded by two venture capital companies, BlueRun Ventures and Redpoint Ventures, both of which have offices in this district.

## II. LEGAL STANDARDS

Fed. R. Evid. 26(d)(2) allows a court to authorize expedited discovery for "convenience and in the interests of justice." The standard for authorizing expedited discovery is "good cause." "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."[11]

In the Ninth Circuit, "[a] district court is vested with broad discretion to permit or deny [jurisdictional] discovery."[12] Such discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of

---

[9] Compl. ¶¶ 7-12.

[10] These include: (1) a September 15, 2010 press release announcing Agilent Technologies and Innofidei's joint development of RF tests for TD-LTE chipsets; and (2) a June 21, 2010 press release announcing Cadence Global Services "tight collaboration" with Innofidei on the industry;'s first TD-LTE baseband chip. Compl. ¶ 4, Exh. B. Siano further references other joint ventures by Innofidei with California-based Alcatel-Lucent and Motorola, Inc. *See id.*

[11] *Semitool, Inc. v. Tokyo Electron Am.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

[12] *Laub v. U.S. Dep't of the Interior,* 342 F.3d 1080, 1093 (9th Cir. 2003).

the facts is necessary."[13] A court may grant jurisdictional discovery if the request is based on more than a 'hunch that it might yield jurisdictionally relevant facts,"[14] or more than "bare allegations in the face of specific denials."[15] In *Laub*, the Ninth Circuit reversed the district court's denial of jurisdictional discovery where there was a "reasonable probability" that the outcome of the motion to dismiss would be different if discovery were permitted.[16]

In light of *Laub*, courts in this district have held that a plaintiff need not make out a prima facie case of personal jurisdiction before it can obtain jurisdictional discovery.[17] Rather a plaintiff must present only a "colorable basis" for jurisdiction, or "some evidence" constituting a showing lesser than a prima facie case.[18]

### III. DISCUSSION

Innofidei makes two principal arguments in opposition to permitting the discovery that

---

[13] *Id.* (quoting *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986).

[14] See *Boschetto v. Hansing*, 539 F.3d 1011, 1020, 1020 (9th Cir. 2008).

[15] See *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995)(citation omitted).

[16] *Id.* Indeed, it may be an abuse of discretion for a court to deny jurisdictional discovery where such discovery "*might* well demonstrate" jurisdictionally relevant facts and the plaintiff is denied the opportunity to develop the jurisdictional record. See *Rutsky & Co. Ins. Serv., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003) (emphasis added); *Smug-mug, Inc. v. Virtual Photo Store, LLC,* No. C 09-2255 CW, 2009 WL 248003, at *3 (N.D.Cal. Aug. 13, 2009) (granting jurisdictional discovery request "because the existing record is insufficient to support personal jurisdiction and [p]laintiff has demonstrated that it can supplement its jurisdictional allegations through discovery"). *Accord Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1283 (Fed.Cir. 2005) (holding plaintiff is entitled to jurisdictional discovery where existing record is inadequate to support personal jurisdiction but jurisdictional allegations can be supplemented through discovery); *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 877-78 (7th Cir. 2006) (finding district court erred by denying jurisdictional discovery relating to general jurisdiction and noting "it is not surprising that [plaintiff] can do little more than suggest" certain minimum contacts given the denial of jurisdictional discovery).

[17] See *eMag Solutions, LLC v. Toda Kogyo Corp.*, No. C 02-1611 PJH, 2006 WL 3783548, at 82 (N.D.Cal. Dec. 21, 2006) (explaining that "[i]t would . . . be counterintuitive to require a plaintiff, *prior to* conducting discovery, to meet the same burden that would be required to defeat a motion to dismiss") (quoting *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 673 (S.D.Cal. 2001)); *Focht v. Sol Melia S.A.*, No. C-10-0906 EMC, 2010 WL 3155826, at *2 (N.D.Cal. Aug. 9, 2010).

[18] See *Google, Inc. v. Egger,* Case No. C 08-3172 RMW (PSG), 2009 WL 1228485, at *1; *eMag Solutions,* 2006 WL 3783548, at *2; *Focht,* 2010 WL 3155826, at *2.

1  Siano seeks: (1) the motion to dismiss for lack of personal jurisdiction should be subordinated to
2  the motions to dismiss for *forum non conveniens* and for lack of subject matter jurisdiction in
3  light of the Foreign Trade Antitrust Improvements Act; and (2) Siano has failed to show a
4  "colorable basis" that discovery related to personal jurisdiction is warranted.

Innofidei first argues that under *Sinochem*,[19] the motions to dismiss for *forum non conveniens* and for lack of subject-matter jurisdiction should be heard and decided before the court considers a motion to dismiss for lack of personal jurisdiction. In *Sinochem*, the Supreme Court held that a district court has discretion to determine a plea for *forum non conveniens* before considering challenges to subject-matter and personal jurisdiction.[20] "[W]here subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh *heavily* in favor of dismissal, [does] the court properly take the less burdensome course."[21]

Nothing in *Sinochem*, however, <u>compels</u> a district court to hear a *forum non conveniens* or subject-matter jurisidiction challenge first, and Judge Koh has now rejected Defendants' request to prioritize the *forum non conveniens* and subject matter jurisdiction issues. As the Supreme Court specifically explained, "[i]n the mine run of cases, jurisdiction 'will involve no arduous inquiry' and both judicial economy and the consideration ordinarily accorded the plaintiff's choice of forum 'should impel the federal court to dispose of [those] issue[s] first." As a result, with an opposition due on a motion a dismiss for lack of personal jurisdiction due, *Sinochem* offers no basis to deny discovery that is otherwise warranted.[22]

Innofidei next disputes that Siano has shown a "colorable basis" that discovery related to personal jurisdiction is appropriate. The court, however, finds that Siano has presented such a

---

[19] *Sinochem Intern. Co. Ltd. v. Malaysia Shipping Corp.*, 549 U.S. 422, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007).

[20] *See id*, 549 U.S. at 423.

[21] *Id.* at 436.

[22] *Id.* Indeed, in a post-*Sinochem* case in this district involving pending motions to dismiss for *forum non conveniens* and for lack of personal jurisdiction, Judge Fogel lifted a stay of personal jurisdiction discovery because "the personal jurisdiction inquiry [may] meaningfully [] inform the Court's ultimate decision with respect to *forum non conveniens*." *Facebook, Inc. v. StudiVZ, Ltd., et al.*, Case No. 08-3468 JF (HRL), 2009 WL 1190802, at *4 (N.D. Cal. May 4, 2009) (citing *Sinochem,* 549 U.S. at 436).

colorable basis by setting forth pertinent facts as noted above that bear on the question of jurisdiction. To be sure, Innofidei disputes any alleged contacts with this district with a sworn declaration stating that "it makes, markets, and sells nothing in California, has no assets or presence in California and derives no revenue from California." But where pertinent jurisdictional facts are controverted or a more satisfactory showing of the facts is necessary, *Laub* instructs that jurisdictional discovery should be granted, not denied.[23]

### III. CONCLUSION

For the foregoing reasons, Siano's motion for leave to conduct discovery is GRANTED. The parties are hereby authorized to engage in discovery limited to the issue of personal jurisdiction. At this time, the court will refrain from setting specific limits on the types or numbers of discovery procedures authorized by this order, but the parties are cautioned that the discovery is to be narrowly focused and as limited as possible. Innofidei shall complete its responses to these discovery requests no later than March 31, 2011.

IT IS SO ORDERED.

Dated: 3/1/11

PAUL S. GREWAL
United States Magistrate Judge

---

[23] *See Laub*, 342 F.3d at 1093.