UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIANO MOBILE SILICON, INC., <br><br> Plaintiff, <br> v. <br><br> MAVCOM, INC., INNOFIDEI, INC., ZHANG HUI and STANLEY WANG, <br><br> Defendants. | Case No.: C-10-04783 LHK (PSG) <br><br> **ORDER GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFF SIANO'S MOTION TO COMPEL FURTHER DISCOVERY** <br><br> (Docket No. 84) |

Plaintiff Siano Mobile Silicon, Inc. ("Siano") moves to compel production of additional documents and further interrogatory responses pursuant to the court's March 1, 2011 order granting discovery limited to the issue of personal jurisdiction.[1] Defendants Innofidei, Inc. ("Innofidei") and Mavcom, Inc. ("Mavcom") oppose the motion.[2] On March 29, 2011, the parties appeared for hearing.[3] Having reviewed the papers and considered the arguments of counsel,

---

[1] *See* Docket No. 78.

[2] The court's March 1, 2011 order permitted discovery limited to the issue of personal jurisdiction. Mavcom has not disputed personal jurisdiction. However, Siano propounded certain discovery requests regarding personal jurisdiction over Innofidei on Mavcom as well.

[3] *See* Docket No. 87.

ORDER, *page 1*

1  IT IS HEREBY ORDERED that Siano's motion to compel documents responsive to
2  document request no. 3 is GRANTED.
3  The document request to Innofidei seeks "all documents and communications" related to
4  four specific press releases identified therein. Innofidei states that production of the contracts
5  alone is sufficient to show any contact with the United States. Siano disputes that documents
6  responsive to this request should be so limited. It argues that documents such as emails,
7  communications and even business records showing travel by business executives to the United
8  States that may have occurred during the execution of the contracts are relevant to Innofidei's
9  contacts here.
10  The court agrees that documents other than the contracts are relevant. Although contracts
11  alone may confirm contact by Innofidei with the forum, documents relevant to other contacts that
12  preceded or surrounded the execution of the contract are relevant as well. Accordingly,
13  Innofidei shall produce all documents and communications related to the four specific press
14  releases identified in document request no. 3.
15  IT IS FURTHER ORDERED that Siano's motion to compel documents responsive to
16  document request no. 4 is GRANTED.
17  The document request to Innofidei and Mavcom seeks documents sufficient to identify
18  Innofidei subsidiaries, parents, officers, directors, presidents and executives from 2006 to the
19  present. Siano argues that the documents, specifically organizational charts of the Innofidei
20  companies, are needed to show common ownership and whether there is an overlap of officers,
21  directors, and management.
22  Innofidei disputes that information covering any entity other than the named defendants
23  is relevant. Innofidei further points to its production of organizational charts dating to late 2009,
24  as well as various interrogatory responses identifying directors and employees common to the
25  named defendants, as sufficient to inform Siano's legitimate inquiry regarding its agency and
26  alter ego claims.
27  The documents sought are relevant. While helpful to the inquiry, the production relied
28  upon by Defendants is far from sufficient to provide answers to the claims regarding alter ego

and agency that Siano raises in response to Defendants' motion. Accordingly, Innofidei and Mavcom shall produce documents from 2006 to the present sufficient to establish the identities of the officers, directors, presidents and executives for each Innofidei company.

IT IS FURTHER ORDERED that Siano's motion to compel documents responsive to document request no. 9 is GRANTED.

Siano seeks documents from Innofidei and Mavcom sufficient to identify any transfer of assets or liabilities from Innofidei to Innofidei (Hong Kong) or from Innofidei (Hong Kong) to Innofidei. Based on its claims of alter ego and agency, Siano argues that the documents sought are relevant to determining whether Innofidei (Hong Kong) is merely a "shell company" acting at the behest of Defendants or whether it is an independent one.

Innofidei responds that information regarding Innofidei (Hong Kong) is beyond the scope of the court's March 1, 2011 order authorizing limited discovery regarding the exercise of personal jurisdiction over the named defendants, not any related Innofidei entities.

At the hearing, the parties described the corporate structure as follows. Innofidei, Inc. Beijing is the parent company to all of the Innofidei-related companies. It owns 100 percent of Innofidei (Hong Kong). Innofidei (Hong Kong), in turn, own 100 percent of Mavcom, Inc. Separately, Innofidei, Inc. Beijing owns 98 percent of Innofidei. Other than having the same parent company, Innofidei and Innofidei (Hong Kong) are separate companies.

As noted above, Siano claims that Innofidei acts through alter-ego, or agents, including Innofidei (Hong Kong). Although even a "parent-subsidiary relationship alone is insufficient to attribute the contacts of the subsidiary to the parent for jurisdictional purposes,"[4] and the same is presumably at least as true for sibling relationships, the Ninth Circuit has found reversible error where a district court has denied discovery on allegations of both alter ego and agency.[5]

---

[4] *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements, Ltd.,* 328 F.3d 1122, 1134 (9th Cir. 2003).

[5] *See id.* at 1135. ("The record is simply not sufficiently developed to enable us to determine whether the alter ego or agency tests are met. This is so because the district court denied ASR's motion for jurisdictional discovery. Further discovery on this issue might well demonstrate facts sufficient to constitute a basis for jurisdiction, [] and in the past we have remanded in just such a situation") (citing *Wells Fargo & Co. v. Wells Fargo Express Co.,* 556

Accordingly, Siano's motion to compel production of documents responsive to this document request is granted.

IT IS FURTHER ORDERED that Siano's motion to compel documents responsive to document request no. 11 and a further response to interrogatory no. 10 is GRANTED-IN PART and DENIED-IN-PART.

Siano seeks all documents and information from Innofidei reflecting investments in Innofidei by venture funds or individuals residing in California. Innofidei previously responded that there are no responsive documents. Siano disputes Innofidei's response in light of websites for certain venture funds and press releases that reflect their investments in Innofidei.

The parties dispute whether the discovery sought from Innofidei should extend to its parent company, Innofidei, Inc. Beijing, and other Innofidei-related companies. Siano contends that the definition of "Innofidei" in the document requests includes the named defendant, its parent company and other Innofidei-related companies. As is did previously, Siano argues that discovery is necessary to determine whether Innofidei, Inc. Beijing and other Innofidei-related companies' contacts may be imputed to Innofidei under a theory of alter ego or agency.

Innofidei again responds that discovery should be limited to only the named-Innofidei defendant and Mavcom. It contends that its parent and related companies should not be the subject of discovery simply because, as Innofidei puts it, Siano named the wrong defendant.

Once again, the court notes that in *Harris Rutsky & Co. v. Bell & Clements Ltd.,* the Ninth Circuit adopted a broad view of the appropriate scope of jurisdictional discovery.[6] Given the broad scope of discovery applicable to claims of alter ego and agency, discovery regarding Innofidei, Inc. Beijing and Innofidei-related companies is appropriate. Accordingly, Innofidei shall supplement its production of documents responsive to document request no. 11 and shall supplement its response to interrogatory no. 10.

---

F.2d 406, 431 n.24 (9th Cir. 1977); *Chan v. Society Expeditions, Inc.,* 39 F.3d 1398, 1405-6 (9th Cir. 2003)). *Cf. Calix Networks, Inc. v. Wi-LAN, Inc.,* Case No. C 09-06038 CRB (DMR), 2010 WL 3515759, at *3-4 (N.D.Cal. Sept. 8, 2010); *Success Is Yours, Inc. v. Life Success Publishing, LLC,* Case No. C 10-0758 PHX SGC, 2010 WL 4225880, at *5 (D. Ariz. Oct. 21, 2010).

[6] *See id.* at 1134-1135.

1  IT IS FURTHER ORDERED that Siano's motion to compel documents responsive to
2 document request no. 12 and a further response to interrogatory no. 11 is GRANTED.

3  Siano seeks documents from Innofidei reflecting the presence of Innofidei's directors,
4 officers, and individual defendants in California to conduct business from 2006 to the present.
5 It states that the discovery sought is relevant to show Innofidei's contacts with California.

7  Innofidei responds that it has fully responded to the discovery requests. It has confirmed
8 that Stanley Wang was in California 2-3 months annually in his capacity as chief technology
9 officer for Mavcom. It argues that providing Siano with anything more is unduly burdensome.

10  Despite Innofidei's complaint that production of responsive documents and a further
11 response to interrogatory no. 12 is unduly burdensome, it has not described with any particularity
12 the burden or expense it faces in responding fully to Siano's requests. Accordingly, Innofidei
13 shall produce documents responsive to document request no. 12 and supplement its response to
14 interrogatory no. 11.

15  IT IS FURTHER ORDERED that Siano's motion to compel documents responsive to
16 document request no. 13 and further response to interrogatory no. 5 is GRANTED-IN-PART and
17 DENIED-IN-PART.

18  The discovery seeks documents and information from Innofidei regarding any annual
19 expenditures and revenues received by Innofidei and its subsidiaries as a result of contracts,
20 agreements, joint ventures or relationships with businesses or persons from 2006 to the present
21 in California.

22  Siano complains that Innofidei has not produced any responsive documents reflecting its
23 contacts with the United States. For example, Innofidei has not produced any responsive
24 documents related to its contract with Qualcomm, Inc., which is located in California, as well as
25 Cadence Design Systems, Inc., Motorola, Inc., Alcatel-Lucent, or Agilent Technologies, Inc.

26  Innofidei responds that it has fully responded to the discovery requests. Innofidei first
27 notes that the discovery requests are limited to contacts between Innofidei and California.
28 Innofidei then argues that other than Qualcomm, Inc., the other companies cited by Siano are not

1 California entities.

2 Because the discovery requests are limited to California and Innofidei has responded
3 accordingly, Siano's motion to compel further documents responsive to document request no. 13
4 and a further response to interrogatory no. 5 is denied with respect to any entity outside
5 California. However, Innofidei shall produce further documents related to the Qualcomm, Inc.
6 agreement. Innofidei also shall supplement its interrogatory response to address Qualcomm, Inc.

7 IT IS FURTHER ORDERED that Siano's motion to compel documents responsive to
8 document request no. 14 is GRANTED.

9 This request seeks documents from Innofidei sufficient to show all marketing,
10 advertising, presentation or solicitation documents reflecting any Innofidei presence in
11 California.

12 Innofidei denies that it has any marketing documents responsive to this request.
13 Following a meet and confer between the parties, Innofidei nevertheless produced two
14 powerpoint presentations that describe Mavcom as a research and development center located in
15 Silicon Valley. At the same time, Innofidei continues to dispute that Innofidei itself has any
16 presence in California.

17 Innofidei has not demonstrated what burden it faces, if any, in producing documents
18 sufficient to show not just marketing materials mentioning its presence or business activities in
19 California, but also advertising presentations or solicitations, as requested. Innofidei therefore
20 shall produce any further documents responsive to this document request to the extent they exist.

21 IT IS FURTHER ORDERED that Siano's motion to compel a further response to
22 interrogatory no. 13 is GRANTED.

23 The interrogatory seeks information from Innofidei regarding services Mavcom performs
24 or has performed for Innofidei.

25 Siano complains that Innofidei's response is incomplete and that it has not provided the
26 requisite detail.

27 Innofidei states that it has fully responded to the interrogatory.

28 Siano's brief fails to articulate exactly what additional detail is missing from Innofidei's

1 response, and the court will not hazard a guess as to what Siano believes is missing. At the same
2 time, the court notes that while Innofidei's response points to its document production, it fails to
3 specify the particular documents it relies on, in violation of Fed. R. Civ. P. 33(d). Furthermore,
4 the response Innofidei provides describing development and design services provided by
5 Mavcom at a minimum begs the question of when these services were provided and for what
6 compensation.[7] Innofidei therefore shall provide a further response to the interrogatory citing
7 the relied upon documents by Bates number. Moreover, Innofidei shall provide the dates and
8 additional information regarding the services it received from Mavcom and the compensation it
9 provided to Mavcom.

10 IT IS FURTHER ORDERED that Siano's motion to compel documents further
11 responsive to document request no. 8 is GRANTED.

12 This document request seeks from Mavcom all agreements between Mavcom and
13 Innofidei, including but not limited to, communications, drafts or notes relating to such
14 agreements.

15 Siano states that except for the agreement with Innofidei, Mavcom did not produce any
16 communications, emails, or letters as requested.

17 In light of its production of the Mavcom-Innofidei agreement itself, Mavcom states that
18 production of all communications between Mavcom and Innofidei is not necessary and that such
19 a production would be unduly burdensome.

20 Mavcom makes no showing, however, of providing evidence of the undue burden that it
21 claims by way of attorney argument. Accordingly, Mavcom shall produce documents responsive
22 to document request no. 8.

23 IT IS FURTHER ORDERED that Siano's motion to compel the deposition of Stanley
24 Wang is DENIED as moot. At the hearing, it was represented that in lieu of a deposition of Mr.
25 Wang, the parties agreed to depose Innofidei's designee pursuant to Rule 30(b)(6) on April 1,
26 2011 in Hong Kong.

27

28    [7] The court notes that at least part of this information was provided by Innofidei in response to interrogatory no. 6.

ORDER, *page 7*

1  Innofidei shall produce responsive documents and further interrogatory responses as
2  ordered herein no later than April 29, 2011.[8]
3  IT IS SO ORDERED.

Dated: April 19, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[8] *See Insurance Corp. of Ireland, Ltd., et al. v. Campagnie des Bauxites de Guinee,* 456 U.S. 694, 102 S.Ct. 2099 (1982) (holding that failure to comply with discovery orders related to attempts to establish the facts relevant to the exercise of personal jurisdiction risks the sanction that certain facts will be established).

ORDER, *page 8*